UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JARED HOFFMAN, individually and
on behalf of all others similarly situated

v.   No. 3:17-cv-3034-N

HEMANI CAPITAL GROUP, INC. d/b/a
Papa Johns and AL AMIN HEMANI

**ANSWER**

Defendants, Hemani Capital Group, Inc. ("HCG") and Al Amin Hemani ("Hemani") file their Answer to Plaintiff's Complaint ("Complaint"), and plead as follows[1]:

## I. INTRODUCTORY STATEMENT

1. Defendants admit that Plaintiff purports to bring an individual and collective action lawsuit under the Fair Labor Standards Act ("FLSA"), but deny that Plaintiff and other individuals in Plaintiff's proposed purported class are "similarly situated", and otherwise deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that Plaintiff is a former employee of HCG, and that during part of his time working for HCG, Plaintiff was paid a salary, but deny that Plaintiff held the title of "Team Leader", and otherwise deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff is a former employee of HCG, and that during part of his time working for HCG, Plaintiff was a pizza delivery driver, but otherwise deny the allegations contained in Paragraph 3 of the Complaint.

---

[1] Except as otherwise indicated, each of the following numbered paragraphs correspond to the same numbered paragraph in Plaintiff's Complaint, filed November 2, 2017.

4. Paragraph 4 of the Complaint includes statements or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 4 of the Complaint.

5. Defendants deny the allegations of Paragraph 5 of the Complaint.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants admit that at times during his employment with HCG, Plaintiff worked in excess of forty (40) hours per workweek, but otherwise deny the allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff purports to bring an individual and collective action lawsuit, and that he purports to seek the remedies referenced in Paragraph 11 of the Complaint, but deny that Plaintiff is entitled to any relief of any kind, deny collective action treatment is appropriate, deny that Plaintiff and other individuals in Plaintiff's proposed purported class are "similarly situated," and otherwise deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 12 of the Complaint.

## II. PARTIES

13. Defendants admit Plaintiff, Jared Hoffman, is an individual who was employed by HCG within the three (3) years preceding the filing of this lawsuit. Defendants admit the second sentence of Paragraph 13 of the Complaint, but otherwise deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the first sentence of Paragraph 16 of the Complaint, but deny the allegations contained in the second sentence of Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in the first sentence of Paragraph 17 of the Complaint. Defendants deny the allegations of the second sentence of Paragraph 17 of the Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 17 of the Complaint. Defendants deny the allegations contained in the last sentence of Paragraph 17 of the Complaint.

### III. JURISDICTION AND VENUE

18. Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants admit that this Court has jurisdiction over Defendants in this matter, but otherwise deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that venue is proper in the Northern District of Texas.

### IV. FLSA COVERAGE

21. With respect to the allegations of Paragraph 21 of the Complaint, Defendants admit that HCG is an "employer" as that term is defined in 29 U.S.C. § 203(d), but otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22. With respect to the allegations of Paragraph 22 of the Complaint, Defendants admit that HCG is an "employer" as that term is defined in 29 U.S.C. § 203(d), but otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. With respect to the allegations of Paragraph 23 of the Complaint, Defendants admit that from three years preceding the filing of the Complaint to present, HCG has been and is an "enterprise" as that term is defined in 29 U.S.C. § 203(r), but otherwise deny the allegations contained in Paragraph 23 of the Complaint.

24. With respect to the allegations of Paragraph 24 of the Complaint, Defendants admit that from three years preceding the filing of the Complaint to present, HCG has been and is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 203(s)(1), admit that within that period of time, HCG had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated), but otherwise deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that from three years preceding the filing of the Complaint to present, HCG had and has employees engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §§ 206-207, admit that Plaintiff was an employee of HCG, admit that during a portion of the time Plaintiff worked for HCG, he delivered pizzas, but otherwise deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff worked for HCG at its Papa John's pizza restaurant, but otherwise deny the allegations contained in the first sentence of Paragraph 26 of the Complaint. Defendants admit that Plaintiff handled materials and goods that have been moved or produced in interstate commerce, which HCG purchased or used in its business operation, but otherwise deny the allegations contained in the second sentence of Paragraph 26 of the Complaint.

## V.   FACTUAL ALLEGATIONS

27. Defendants admit the primary function of HCG's business is the operation of Papa John's Pizza restaurants, but otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that HCG employed and employs employees who deliver pizza and use their personal vehicles to make pizza deliveries to customers, but otherwise deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that HCG required its employees, including Plaintiff, to purchase their first set of uniforms, consisting of a shirt and a hat with the Papa John's Pizza logo; however, if an employee needed additional or replacement uniforms, HCG covered the cost of same, but otherwise deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that HCG requires its employees to wear their uniforms while working, but otherwise deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit that, at times, Plaintiff worked more than forty (40) hours in a workweek while employed by HCG, but otherwise deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that when Plaintiff was paid a salary, HCG did not pay Plaintiff time and one half his regular rate for hours worked over forty (40) in a single workweek, but otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit that when Plaintiff was paid a salary, HCG paid him the same for all hours worked, but otherwise deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit that Plaintiff was employed by HCG during the three-year period prior the filing of the Complaint, but otherwise deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff was employed by HCG during the three-year period prior to the filing of the Complaint, but otherwise deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that HCG is an employer subject to the provisions of the FLSA, but otherwise deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit that while Plaintiff was employed by HCG as a pizza delivery driver, and while he was out of the store making a delivery, Plaintiff was paid a direct wage of $4.25 per hour, before tips, but otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit that HCG took a onetime deduction from its delivery drivers' wages for uniforms, but otherwise deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that HCG took a onetime deduction from its delivery drivers' wages for MVR (Motor Vehicle Reports), but otherwise deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit that HCG requires its deliver drivers to use an automobile that is legally compliant while out making a delivery for HCG, but otherwise deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit HCG requires delivery drivers' vehicles be registered, operable, and in legal condition, and compensates them for same, but otherwise deny the allegations in Paragraph 49 of the Complaint.

50. Defendants are without sufficient knowledge to admit or deny whether Plaintiff purchased gasoline, vehicle parts and fluids, automobile repair maintenance services, automobile insurance, and/or suffered automobile depreciation; therefore, those allegations are denied. Defendants admit HCG requires delivery drivers' vehicles to be registered, operable, and in legal condition, and compensates them for same, but otherwise deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants admit that during the three-year period prior to the filing of the Complaint, HCG employed individuals as pizza delivery drivers, admit that Plaintiff was employed by HCG during part of that time frame as a pizza delivery driver, admit that Plaintiff was paid as outlined in Paragraph 43 of this Answer, but otherwise deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit that during the three-year period prior to the filing of the Complaint, HCG employed individuals as pizza delivery drivers, admit that Plaintiff was employed by HCG during part of that time frame as a pizza delivery driver, but otherwise deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

## VI. COLLECTIVE ACTION ALLEGATIONS

54. Defendants reassert their responses to Paragraphs 1-53 of the Complaint and incorporate such responses as if set forth fully herein.

55. Defendants admit that Plaintiff purports to bring a collective action lawsuit, but deny that Plaintiff's claims have any merit, deny that collective action treatment is appropriate, deny that the putative collective action members have been correctly defined, deny that Plaintiff or any putative collective action members have a viable cause of action against Defendants, deny that Plaintiff and other individuals in Plaintiff's proposed purported class are "similarly situated", deny

that three years is the appropriate limitations period and otherwise deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit that Plaintiff purports to bring a collective action lawsuit on behalf of the class identified in Paragraph 56 of the Complaint but deny that collective action treatment is appropriate, deny that the putative collective action members have been correctly defined, deny that Plaintiff and other individuals in Plaintiff's proposed purported class are "similarly situated", deny that three years is the appropriate limitations period and otherwise deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint includes statements or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants admit that Plaintiff purports to seek the relief listed in Paragraph 58 of the Complaint, but deny that Plaintiff or any putative class member is entitled to any relief, general or special, legal or equitable, or damages of any kind, and otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants admit that HCG's employees whose primary duties include delivering pizza are non-exempt for purposes of overtime pay under the FLSA, and admit that for a portion of the time Plaintiff was employed by HCG his primary duties included delivering pizza, and

accordingly admit that during that time, Plaintiff was non-exempt for purposes of overtime pay under the FLSA, but otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

68. Defendants reassert their responses to Paragraphs 1-67 of the Complaint and incorporate such responses as if set forth fully herein.

69. Defendants admit that Plaintiff was employed by HCG during the three-year period prior the filing of the Complaint, but otherwise deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny they have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), admit Plaintiff was an employee of HCG during the three-year period prior to the filing of the Complaint, admit HCG is an "enterprise" engaged in commerce or in the production of commerce within the meaning of the FLSA, but otherwise deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

### VIII. CAUSE OF ACTION NO. 2: FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

73. Defendants deny they have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, 215(a)(2), admit Plaintiff was an employee of HCG during the three-year period prior to the filing of the Complaint, admit HCG is an "enterprise" engaged in commerce or in the production of commerce within the meaning of the FLSA, but otherwise deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint (which is mis-numbered in the Complaint as Paragraph 70).

## IX. JURY DEMAND

75. Defendants are not required to admit or deny the jury demand in Paragraph 75 of the Complaint, but to the extent a response is required, Defendants deny the allegations of Paragraph 75 of the Complaint (which is mis-numbered in the Complaint as Paragraph 74).

## X. DAMAGES SOUGHT

76. Defendants deny Plaintiff, or any putative class member of the class Plaintiff seeks to certify, is entitled to the relief requested in Paragraph 76 of the Complaint (which is mis-numbered in the Complaint as Paragraph 75), or any relief or damages of any kind.

77. Defendants deny Plaintiff, or any putative class member of the class Plaintiff seeks to certify, is entitled to the relief requested in Paragraph 77 of the Complaint (which is mis-numbered in the Complaint as Paragraph 76), or any relief or damages of any kind.

78. Defendants deny Plaintiff, or any putative class member of the class Plaintiff seeks to certify, is entitled to the relief requested in Paragraph 78 of the Complaint (which is mis-numbered in the Complaint as Paragraph 77), or any relief or damages of any kind.

79. Defendants deny Plaintiff, or any putative class member of the class Plaintiff seeks to certify, is entitled to the relief requested in Paragraph 79 of the Complaint (which is mis-numbered in the Complaint as Paragraph 78), or any relief or damages of any kind.

## XI. PRAYER

80. Defendants deny that Plaintiff, or any putative class member of the class Plaintiff seeks to certify, is entitled to the relief requested in Paragraph 80 of the Complaint (which is mis-numbered in the Complaint as Paragraph 79), or any relief or damages of any kind.

## XII. GENERAL DENIAL

81. To the extent not expressly admitted herein, Defendants deny each and every allegation of the Complaint.

## XIII. AFFIRMATIVE DEFENSES

82. Plaintiff and some or all of the putative class members are barred from pursuing some or all of their claims or remedies, because they were exempt from the overtime requirements set forth in the FLSA.

83. Plaintiff and some or all of the putative class members are barred from pursuing some or all of their claims or remedies under the doctrines of estoppel, including equitable estoppel and quasi estoppel, unclean hands, laches, and *in pari delicto* by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure or refusal to record and report their time worked. Plaintiff and others with whom he is allegedly "similarly situated" are not entitled to compensation for hours they purportedly worked without Defendants' actual or constructive knowledge.

84. Payments to Plaintiff and any subsequently certified class members that fit within the exclusions of 29 U.S.C. § 207(e), are excluded in the calculation to their regular rates of pay.

85. To the extent Plaintiff and others with whom he is allegedly "similarly situated" are entitled to damages, Defendants are entitled to a credit for or set off against amounts overpaid to them in the course of their employment and to a credit for overtime and other premium payments already made to them.

86. The Complaint, and each purported cause of action set forth therein, is barred, in whole or in part, by the provisions of the Portal-to-Portal Act as to all hours during which Plaintiff and others with whom he is allegedly "similarly situated" were engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their

principal activities, including non-compensable activities that were preliminary to their principal activities.

87. To the extent Plaintiff or the proposed class members are able to show they performed work for which time was not recorded and/or for which they were not paid, Defendants would show that such work involved *de minimis* amounts of time and constituted non-compensable activities under the FLSA.

88. If it is proven that Defendants acted in violation of the FLSA, such action(s) were not willful or reckless, but rather in good faith and based upon a reasonable belief that such action(s) was not a violation of the FLSA, and therefore, neither liquidated damages nor the three (3)-year statute of limitations is warranted. Defendants (including Defendant HCG's officers, managers and agents) at all times acted in good faith, with the reasonable belief that they complied with the law. Defendants did not willfully, or with reckless disregard, deprive Plaintiff or any alleged putative class member of any compensation. In addition, the Complaint, and each purported cause of action set forth therein, is barred, in whole or in part, by the provisions of 29 U.S.C. § 259 because actions taken in connection with Plaintiff's and any alleged putative class member's compensation were done in good faith in conformity with and in reliance upon 29 C.F.R. §§ 778.216-217 and other administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Secretary of Labor or the Internal Revenue Service. Thus, the FLSA's two-year statute of limitations should apply to this action and liquidated damages are not appropriate.

89. To the extent Plaintiff alleges unpaid wages and compensation under the FLSA for weeks prior to two years before the filing of this action or for weeks prior to any collective action members joining this action, such allegations are time barred by the statute of limitations as set forth in 29 U.S.C. § 255(a).

ACCORDINGLY, Defendants, Hemani Capital Group, Inc. d/b/a Papa Johns and Al Amin Hemani, pray this Court deny Plaintiff's request to certify this matter as a collective action and that Plaintiff and/or the proposed class take nothing by this action. Defendants further pray for the recovery of their costs and attorneys' fees and for such other and further relief to which they may show themselves justly entitled.

Dated December 4, 2017.

Respectfully submitted,

/s/ *Alyssa S. Turner*
John M. Rogers          17177250
Alyssa S. Turner        24093784

ROGERS, LLP
409 West 4th Street, Ste. 102
Post Office Box 2530
Weatherford, TX 76086
817.341.9300
817.341.9301 fax
john.rogers@rogersllp.com
alyssa.turner@rogersllp.com

and

Kimberly Fitzpatrick    24066883

HARRIS COOK, LLP
709 East Abram
Arlington, Texas 76010
817.275.8765
817.460.8060 fax
kimberly@harriscooklaw.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

On December 4, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

/s/ *Alyssa S. Turner*
Alyssa S. Turner